## (April 20, 1972)

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACOB POWELL, Appellant.— Judgment of conviction, Supreme Court, Bronx County, rendered October 28, 1970, unanimously reversed, on the law, and vacated, and the indictment dismissed as to him. Defendant-appellant was indicted with two others for homicide of one Henderson, a minor dealer in drugs, said to have resulted from a quarrel between Henderson and the other three. The two codefendants, who had made self-inculpatory statements, pleaded guilty during trial, and defendant's case was severed on his application and retried; the result was conviction of manslaughter. Proof at defendant's trial was entirely circumstantial. The ancient rule is: " In determining a question of fact from circumstantial evidence   *   *   *   the hypothesis of   *   *   * guilt should flow naturally from the facts proved, and be consistent with them all   *   *·   *   [and]   *   *   *   The evidence must be such as to exclude, to a moral certainty, every hypothesis but that of   *   *   *   guilt   *   *   * [and]   *   *   *   be inconsistent with   *   *   *   innocence." (People· v. Bennett, 49 N. Y. 137, 144–145.) The People's evidence came primarily from one witness, whose testimony is briefly summarized: looking out of her window one evening, she saw the deceased and the other three in an apartment across the street; she knew all four participants; though unable to hear them, she gathered from their gestures and attitudes that they were engaged in an argument; the deceased left the others and crossed the street and entered his home building, next door to that of the witness; she saw the others follow and, while they were on their way, heard one — unidentified — say: " He ain't going to get away with it."; the three entered the building next door, whence she heard two shots, and saw the two codefendants flee the scene at once; while she described the hat worn by defendant, and said that a hat found by police at the scene " look like it," she repeated several times that she could not say that it was that of defendant. The deceased was found dead of

a gunshot wound in his apartment upstairs in the building next door to the witness' home. No evidence was adduced as to defendant's whereabouts from the moment he was seen entering that building, nor was there any self-inculpatory statement introduced as to him. The evidence does not come up to the standard set forth in the quoted rule; it does not point unequivocally to guilt, and it is at least as consistent with innocence. The People's case was not proven beyond a reasonable doubt. Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Capozzoli, JJ.